AO 245B   (Rev. 09/11) Judgment in a Criminal Case
Sheet 1   Revised by WAED - 06/13

# UNITED STATES DISTRICT COURT
## Eastern District of Washington

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jul 15, 2015

SEAN F. McAVOY, CLERK

| | |
|---|---|
| UNITED STATES OF AMERICA<br>V.<br>SEAN MICHAEL CHALLE | **JUDGMENT IN A CRIMINAL CASE**<br>Case Number: 4:15CR06002-SMJ-1<br>USM Number: 17812-085<br>Nicholas Wright Marchi<br>Defendant's Attorney |

**THE DEFENDANT**:

☑ pleaded guilty to count(s)  1, 2, and 3 of the Indictment

☐ pleaded nolo contendere to count(s)  which was accepted by the court.

☐ was found guilty on count(s)  after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 2251(a) | Production of Child Pornography | 09/20/14 | 1 |
| 18 U.S.C. § 2251(a) | Production of Child Pornography | 01/31/14 | 2 |
| 18 U.S.C. § 2251(a) | Production of Child Pornography | 12/11/13 | 3 |

The defendant is sentenced as provided in pages 2 through   7   of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☑ Count(s)  All remaining counts   ☐ is  ☑ are  dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

7/9/2015
Date of Imposition of Judgment

*/s/ Salvador Mendoza, Jr.*
Signature of Judge

The Honorable Salvador Mendoza, Jr.   Judge, U.S. District Court
Name and Title of Judge

7/15/2015
Date

Judgment — Page 2 of 7

DEFENDANT: SEAN MICHAEL CHALLE
CASE NUMBER: 4:15CR06002-SMJ-1

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of: 30 year(s)

The total term of imprisonment constitutes 30 years with respect to each of Counts 1, 2, and 3. These terms are to be served concurrently with each other and concurrently with the sentence the defendant which will be imposed pursuant to the criminal case in Benton County Superior Court Cause No. 14-1-01076-5.

☑ The court makes the following recommendations to the Bureau of Prisons:

Defendant shall receive credit for time served in federal custody prior to sentencing in this matter.

☑ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

    ☐ at _____ ☐ a.m. ☐ p.m. on _____ .

    ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐ before 2 p.m. on _____ .

    ☐ as notified by the United States Marshal.

    ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:




Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.


_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

Judgment—Page 3 of 7

DEFENDANT: SEAN MICHAEL CHALLE
CASE NUMBER: 4:15CR06002-SMJ-1

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :    life

This total term of supervised release constitutes life with respect to each of Counts 1, 2, and 3. To be served concurrently with each other.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. *(Check, if applicable.)*

☑ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. *(Check, if applicable.)*

☑ The defendant shall cooperate in the collection of DNA as directed by the probation officer. *(Check, if applicable.)*

☐ The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq*.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. *(Check, if applicable.)*

☐ The defendant shall participate in an approved program for domestic violence. *(Check, if applicable.)*

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: SEAN MICHAEL CHALLE
CASE NUMBER: 4:15CR06002-SMJ-1

## SPECIAL CONDITIONS OF SUPERVISION

14) Defendant shall complete a sex offender evaluation, which may include psychological and polygraph testing. Defendant shall pay according to Defendant's ability and allow the reciprocal release of information between the treatment provider and supervising officer.

15) Defendant shall actively participate and successfully complete an approved state-certified sex offender treatment program. Defendant shall follow all lifestyle restrictions and treatment requirements of the program. Defendant shall participate in special testing in the form of polygraphs, in order to measure compliance with the treatment program requirements. Defendant shall allow reciprocal release of information between the supervising officer and the treatment provider. Defendant shall pay for treatment and testing according to Defendant's ability.

16) Defendant shall provide the supervising officer with access to any requested financial information, including authorization to conduct credit checks and obtain copies of Defendant's federal income tax returns. Defendant shall disclose all assets and liabilities to the supervising officer. Defendant shall not transfer, sell, give away, or otherwise convey any asset, without the advance approval of the supervising officer.

17) Defendant shall not incur any new debt, open additional lines of credit, or enter into any financial contracts, without the advance approval of the supervising officer.

18) Defendant shall live at an approved residence, and shall not change Defendant's living situation without advance approval of the supervising officer.

19) Defendant shall have no contact with the victim in person, by letter or other communication devices, audio or visual devices, or through a third party, unless authorized by the supervising officer. Defendant shall not enter the premises or loiter within 1000 feet of the victim's residence or place of employment.

20) Defendant shall not possess any type of camera or video recording device.

21) Defendant shall have no contact with any child under the age of 18, without the presence of an adult and approved in advance by the supervising officer. Defendant shall immediately report any unauthorized contact with minor-aged children to the supervising officer.

22) Defendant shall be prohibited from possessing or manufacturing any material, including videos, magazines, photographs, computer-generated depictions, or any other media that depict sexually explicit conduct involving children or adults, as defined at 18 U.S.C. § 2256(2). Defendant shall not enter any establishment involved in the sex industry, including but not limited to adult bookstores, massage parlors, and strip clubs. Defendant shall not utilize any sex-related adult telephone numbers. The supervising officer is authorized to monitor compliance in this area by obtaining relative records including but not limited to telephone, Internet, credit cards and bank statements.

23) Defendant shall not reside or loiter within 1000 feet of places where children congregate, which includes playgrounds, primary and secondary schools, city parks, daycare centers, and arcades.

24) Defendant shall register as a sex offender, according to the laws of the state in which Defendant resides, is employed, or is attending school. Defendant shall provide verification of compliance with this requirement to the supervising officer.

25) Defendant shall not be employed in any occupation, business, or profession, or participate in any volunteer activity which provides access to children under the age of 18, unless authorized by the supervising officer.

26) Defendant shall maintain a complete and current inventory of Defendant's computer equipment and provide it to the supervising officer. Defendant shall provide a monthly record of computer usage and bills pertaining to computer access to the supervising officer.

27) Defendant shall not possess or use any computer with access to any on-line computer service without the prior approval of the supervising officer. This includes any Internet service provider, bulletin board system, or any other public or private computer network. Defendant shall not have access to a modem during Defendant's term of supervision without the prior approval of the supervising officer.

DEFENDANT: SEAN MICHAEL CHALLE
CASE NUMBER: 4:15CR06002-SMJ-1

# SPECIAL CONDITIONS OF SUPERVISION

28) Defendant shall provide a complete record of all passwords and user identifications (both past and present) to the supervising officer and shall not make any changes without the prior approval of the supervising officer.

29) Defendant shall submit Defendant's person, residence, office, or vehicle to a search, conducted by a probation officer, at a sensible time and manner, based upon reasonable suspicion of contraband or evidence of violation of a condition of supervision. Failure to submit to search may be grounds for revocation. Defendant shall warn persons with whom Defendant shares a residence that the premises may be subject to search.

DEFENDANT: SEAN MICHAEL CHALLE
CASE NUMBER: 4:15CR06002-SMJ-1

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|        | **Assessment** | **Fine** | **Restitution** |
|--------|----------------|----------|------------------|
| **TOTALS** | $300.00 | $0.00 | $5,401.57 |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☑ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---------------|-------------|---------------------|------------------------|
| Minor M | $5,161.57 | $5,161.57 | |
| Minor J | $240.00 | $240.00 | |
| **TOTALS** | $ 5,401.57 | $ 5,401.57 | |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☑ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☑ the interest requirement is waived for the   ☐ fine   ☑ restitution.

☐ the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: SEAN MICHAEL CHALLE
CASE NUMBER: 4:15CR06002-SMJ-1

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

**A** ☐ Lump sum payment of $ _____ due immediately, balance due

☐ not later than _____ , or
☐ in accordance ☐ C, ☐ D, ☐ E, or ☐ F below; or

**B** ☑ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☑ F below); or

**C** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E** ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** ☑ Special instructions regarding the payment of criminal monetary penalties:

Defendant shall participate in the BOP Inmate Financial Responsibility Program. During the time of incarceration, monetary penalties are payable on a quarterly basis of not less than $25.00 per quarter.

While on supervised release, monetary penalties are payable on a monthly basis of not less than $25.00 per month or 10% of the defendant's net household income, whichever is larger, commencing 30 days after the defendant is released from imprisonment.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the following address until monetary penalties are paid in full: Clerk, U.S. District Court, Attention: Finance, P.O. Box 1493, Spokane, WA 99210-1493.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

Case Numbers (including defendant number) and Defendant and Co-Defendant Names, Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.